IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DEVISION

| | |
|---|---|
| Brittany Causey, Shawn Smith, Leslie Almond Jr., Shainna Beasley, Victoria Bellamy, Harry Cave, Austin Gonya, Amber James, Caroline Jones, Erica Kelly, Katherine Keville, Kristen McCumbee, John Richard Slaughter, Scott Swiecicki, and Loretta Woods, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>AMPD Myrtle LLC, d/b/a Local on the Water, Michael DeSimone, individually, Adam DeSimone, individually, Patrick DeSimone, individually, Jason Davis, individually, Amanda Ryan, individually, and Debbie Rice, individually,<br><br>DEFENDANTS. | Civil Action No.: 4:22-cv-03601-JD<br><br><br>**AMENDED COMPLAINT**<br><br>(Class Action/Violation of South Carolina Payment of Wages Act and Fair Labor Standards Act)<br><br><br>**JURY TRIAL DEMANDED** |

  Plaintiffs Brittany Causey ("Causey"), Shawn Smith ("Smith"), Leslie Almond Jr. ("Almond"), Shainna Beasley ("Beasley"), Victoria Bellamy ("Bellamy"), Harry Cave ("Cave"), Austin Gonya ("Gonya"), Amber James ("James"), Caroline Jones ("Jones"), Erica Kelly ("Kelly"), Katherine Keville ("Keville"), Kristen McCumbee ("McCumbee"), John Richard Slaughter ("Slaughter"), Scott Swiecicki ("Swiecicki"), and Loretta Woods ("Woods"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), complaining of the acts of Defendants AMPD Myrtle LLC, doing business as Local On the Water, Michael DeSimone individually, Adam DeSimone, individually, Patrick DeSimone individually, Jason Davis individually, Amanda Ryan individually, and Debbie Rice individually (AMPD Myrtle LLC

1

Michael DeSimone, Adam DeSimone, Patrick DeSimone, Jason Davis, Amanda Ryan, and Debbie Rice, collectively "Defendants") allege as follows[1]:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorney's fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the South Carolina Rules of Civil Procedure.

## PARTIES, JURISDICTION, and VENUE

3. Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated verbatim.

4. Plaintiff Brittany Causey is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Causey was an employee of the Defendants as defined by SCPWA and/or the FLSA.

5. Plaintiff Shawn Smith is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Smith was an employee of the Defendants as defined by SCPWA and/or the FLSA.

6. Plaintiff Leslie Almond Jr. is a citizen and resident of Columbus County, North Carolina. At all times complained of herein, Almond was an employee of the Defendants as defined

---

[1] With the filing of this Amended Complaint, Plaintiffs are respectfully withdrawing their Motion for Remand, Document No.: 6.

2

by SCPWA and/or the FLSA. All actions giving rise to this lawsuit occurred in Horry County, South Carolina and are within the jurisdiction of this Honorable Court.

7. Plaintiff Shainna Beasley is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Beasley was an employee of the Defendants as defined by SCPWA and/or the FLSA.

8. Plaintiff Victoria Bellamy is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Bellamy was an employee of the Defendants as defined by SCPWA and/or the FLSA.

9. Plaintiff Harry Cave is a citizen and resident of Brunswick County, North Carolina. At all times complained of herein, Cave was an employee of the Defendants as defined by SCPWA and/or the FLSA. All actions giving rise to this lawsuit occurred in Horry County, South Carolina and are within the jurisdiction of this Honorable Court.

10. Plaintiff Austin Gonya is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Gonya was an employee of the Defendants as defined by SCPWA and/or the FLSA.

11. Plaintiff Amber James is a citizen and resident of Horry County, South Carolina. At all times complained of herein, James was an employee of the Defendants as defined by SCPWA and/or the FLSA.

12. Plaintiff Caroline Jones is a citizen and resident of Brunswick County, North Carolina. At all times complained of herein, Jones was an employee of the Defendants as defined by SCPWA and/or the FLSA. All actions giving rise to this lawsuit occurred in Horry County, South Carolina and are within the jurisdiction of this Honorable Court.

13. Plaintiff Erica Kelly is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Kelly was an employee of the Defendants as defined by SCPWA and/or the FLSA.

14. Plaintiff Katherine Keville is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Keville was an employee of the Defendants as defined by SCPWA and/or the FLSA.

15. Plaintiff Kristen McCumbee is a citizen and resident of Columbus County, North Carolina. At all times complained of herein, McCumbee was an employee of the Defendants as defined by SCPWA and/or the FLSA. All actions giving rise to this lawsuit occurred in Horry County, South Carolina and are within the jurisdiction of this Honorable Court.

16. Plaintiff John Richard Slaughter is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Slaughter was an employee of the Defendants as defined by SCPWA and/or the FLSA.

17. Plaintiff Scott Swiecicki is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Swiecicki was an employee of the Defendants as defined by SCPWA and/or the FLSA.

18. Plaintiff Loretta Woods is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Woods was an employee of the Defendants as defined by SCPWA and/or the FLSA.

19. AMPD Myrtle, LLC d/b/a Local on the Water is a South Carolina company maintaining offices and agents in Horry County, South Carolina. AMPD Myrtle, LLC is an employer of individuals and operates a restaurant and bar in Horry County, South Carolina, doing

business as Local on the Water. Further, at all times complained of herein Local on the Water was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

20. Upon information and belief, Michael DeSimone is a citizen and resident of one of the States of the United States and is an owner of AMPD Myrtle LLC ("Local on the Water") or otherwise is an individual who had authority to establish the specific policies of the "Local on the Water" Tip Pool and how individual employees were paid per hour. Further, at all times complained of herein Michael DeSimone was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

21. Upon information and belief, Adam DeSimone is a citizen and resident of one of the states of the United States and is an owner of AMPD Myrtle LLC ("Local on the Water") or otherwise is an individual who had authority to establish the specific policies of the "Local on the Water" Tip Pool and how individual employees were paid per hour. Further, at all times complained of herein Adam DeSimone was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

22. Upon information and belief, Patrick DeSimone is a citizen and resident of one of the states of the United States and is an owner of AMPD Myrtle LLC ("Local on the Water") or otherwise is an individual who had authority to establish the specific policies of the "Local on the Water" Tip Pool and how individual employees were paid per hour. Further, at all times complained of herein Patrick DeSimone was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

23. Upon information and belief, Jason Davis is a citizen and resident of Horry County, South Carolina and was a previous general manager of AMPD Myrtle, LLC ("Local on the Water") or otherwise is an individual who had authority to establish the specific policies

of the "Local on the Water" Tip Pool and how the individual employees were paid per hour. Further, at all times complained of herein Jason Davis was the employer of the Plaintiffs as defined by SCPWA and/or the FLSA.

24. Upon information and belief, Amanda Ryan is a citizen and resident of Horry County, South Carolina and was a previous general manager of AMPD Myrtle, LLC ("Local on the Water") or otherwise is an individual who had authority to establish the specific policies of the "Local on the Water" Tip Pool and how the individual employees were paid per hour. Further, at all times complained of herein Amanda Ryan was the employer of the Plaintiffs as defined by the SCPWA and/or the FLSA.

25. Upon information and belief, Debbie Rice is a citizen and resident of Horry County, South Carolina and is the current general manager of AMPD Myrtle, LLC ("Local on the Water") or otherwise is an individual who had authority to establish the specific policies of the "Local on the Water" Tip Pool and how the individual employees were paid per hour. Further, at all times complained of herein Debbie Rice was the employer of the Plaintiffs as defined by the SCPWA and/or the FLSA.

26. The events giving rise to this claim occurred primarily in Horry County, South Carolina and, therefore, this Court has jurisdiction over the parties and subject matter.

27. The work and pay records, including the "tip-out" reports, of Plaintiffs' and/or Plaintiffs' class are in the possession, custody and/or control of Defendants, and Defendants are under a duty, pursuant to state law and the federal tax code, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs requests an order of this Court requiring Defendants to preserve such record during the pendency of this action.

28. Plaintiffs are informed and believe that the Defendants have policies and/or procedures whereby servers and/or bartenders are paid less than required under the SCPWA and/or the FLSA by the Defendants' use of an unlawful tip credit scheme and an unlawful tip pooling scheme in violation of the SCPWA and/or the FLSA. In addition, Defendants did not pay Plaintiffs and/or other servers and bartenders the lawful rate of wages due as provided under SCPWA and/or the FLSA.

29. Plaintiffs bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within three years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which "Local on the Water" required a portion of those tips to be placed in the mandatory tip pool created by Defendants ("Tip Pool").

30. Plaintiffs also bring this action as an opt-out class action under Rule 23 of the South Carolina Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which "Local on the Water" required a portion of those tips to be placed in the Tip Pool, without written or legal authorization, or employees who paid for uniforms required by Defendants.

31. Upon information and belief, this action satisfies the requirements of SCCRP 23(a) and Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiffs' class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiffs' class;

    c. The claims of Plaintiffs are typical of the class of the proposed Plaintiffs' class; and

    d. Plaintiffs will fairly and adequately protect the interests of the class.

32. In addition, upon information and belief, this action satisfies one or more of the requirements of SCCRP 23(a) and Fed. R. Civ. P. 23(b), because the questions of law and/or facts common to the members of the proposed Plaintiffs' class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Based upon the above, jurisdiction and venue are proper in this court.

34. The work and pay records, including the "tip-out" reports, of Plaintiffs, and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

35. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated verbatim.

36. Plaintiffs were employed by "Local on the Water" from approximately February of 2019 through the present.

37. Defendants own and operate "Local on the Water".

38. Defendants paid Plaintiffs, and on information and belief, other servers and bartenders of "Local on the Water" a direct, or hourly, wage that violated the SCPWA by wrongfully taking a "Tip Credit" while requiring Plaintiffs and/or other servers and bartenders to perform non-tip producing duties in excess of that allowed by law.

39. Defendants paid Plaintiffs, and on information and belief, other servers of "Local on the Water" a direct, or hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA 29 U.S.C § 203(m).

40. Plaintiffs and/or other servers and bartenders would often work overtime hours for the Defendants particularly during the busy season which ran from April through October. Defendants violated the SCPWA and/or the FLSA when they did not pay Plaintiffs and/or other servers and bartenders who worked at "Local on the Water" the lawful wages due.

41. Defendants had a policy that required Plaintiffs, and on information and belief, all bartenders, and servers, to remit, from the tips they received, a portion of their tips at the end of each shift into the mandatory Tip Pool.

42. Defendants had a policy that required Plaintiffs, and on information and belief all bartenders and/or servers, to remit, from the tips they received, a portion of their tips at the end of each shift to supervisors, managers, and/or the "house."

43. Defendants had a policy that required Plaintiffs, and on information and belief all bartenders and servers, to perform non-tipping work, including, but not limited to, working in "Local on the Water" performing non-tipping duties such as deep cleaning and food preparation work while paying Plaintiffs and other similarly situated bartenders and/or servers Two and 13/100 dollars ($2.13) an hour and not the required minimum wage of Seven and 25/100 dollars ($7.25).

44. Defendants had a policy that required Plaintiffs, and on information and belief all servers and bartenders, to purchase "Local on the Water" T-shirts from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiffs and/or other servers and/or bartenders Two and 13/100 dollars ($2.13) an hour for their work.

45. Defendants would sometimes have company-wide meetings which were mandatory for all employees. When the Plaintiffs and/or other bartenders and/or servers would attend these mandatory company meetings, they would only be paid at a rate of $2.13 despite Plaintiffs and/or other bartenders and/or servers not being eligible to receive tips during the meetings in violation of the SCPWA and/or the FLSA.

46. Defendants have a policy that required Plaintiffs and/or other servers and bartenders who were working the first shift, which started when "Local on the Water" opened at noon (12:00 pm), to come in each day at ten-thirty (10:30 am) to do prep work prior to their shift working on the restaurant floor or bar. Plaintiffs, and upon information and belief, other servers and/or bartenders were only paid $2.13 an hour for their daily and mandatory prep work prior to the start of their shift at 12:00 pm as a server and/or bartender in violation of the SCPWA and/or the FLSA.

47. Defendants have a policy that required Plaintiffs and/or other servers and/or bartenders who were working the closing shift to stay for hours after the restaurant closed to the public to perform deep cleaning duties and prep work for the next day. Most nights, the Plaintiffs and/or other servers and/or bartenders would be required to stay for two (2) to two and a half (2.5) hours after the restaurant had closed to the public in order to perform all of the side non tip producing work they were required to do. Servers and/or bartenders often left at 1:30 am in the morning despite the restaurant closing at 11:00 pm on Fridays and

Saturdays and despite only get paid $2.13 an hour for their deep cleaning and required side work duties.

48. Defendants have a policy wherein the "house" will keep tips left by curbside pick-up and/or to-go order customers and not give the tips to the servers and/or bartenders including, but not limited to, Plaintiffs in violation of the SCPWA and/or the FLSA.

49. Defendants have a policy wherein they only allow bartenders to have cash and quarters in their registers and do not allow their bartenders to carry pennies, nickels, or dimes in their register drawers. Defendants' policy of not providing pennies, nickels, and/or dimes in their registers causes bartenders to not be able give correct change to customers and results in the "house" taking part of the bartenders' and/or servers' tips.

50. Defendants have a policy in which they allow managers to also work shifts as bartenders and allow the managers who are working as bartenders to collect tips from the customers in violation of the SCPWA and/or the FLSA.

51. Defendants have a policy wherein they charged Plaintiffs, and on information and belief, other servers and/or bartenders for any customers' bills who had walked out on their tab, despite Defendants taking a tip credit and only paying Plaintiffs and/or other servers and/or bartenders $2.13 an hour in violation of the SCPWA and/or the FLSA.

**FOR A FIRST CAUSE OF ACTION**
**(VIOLATION OF FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 203(M), 206)**
**(INDIVIDUAL AND CLASS ACTION)**

52. Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated here verbatim.

53. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) AND 203(s).

11

54. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

55. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

56. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily receive tips.

57. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, provided the employees are doing tip producing work and not kitchen work and/or deep cleaning duties.

58. The FLSA requires employers to pay hourly employees who work over forty (40) hours in a week at overtime rates of 1 ½ times their normal hourly rate or no lower than the prevailing minimum wages at time and a half for overtime work. ($7.25 at time and a half equals $10.88).

59. Plaintiffs, and upon information and belief all servers and/or bartenders were not properly paid for their overtime hours of work for the Defendants.

60. Plaintiffs, and upon information and belief all servers and/or bartenders, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips, and therefore the Tip Pool is invalidated.

61. Plaintiffs, and upon information and belief all servers and/or bartenders were required by Defendants to perform non-server and/or non-bartender activities such as deep cleaning for

hours each shift while the Defendants continued to take a "Tip Credit" for Plaintiffs' and other servers and/or bartenders non-tip-producing and non-server and/or non-bartender work and therefore the "Tip Credit" is invalidated.

62. When the Tip Pool and Tip Credit is invalidated, the employer can no longer enjoy the benefits to the Tip Credit provision, 29 U.S.C. § 203(m).

63. Defendants have violated the Tip Pool and Tip Credit under the FLSA, 29 U.S.C. § 203(m) 206, in reckless disregard of the rights of Plaintiffs and/or other servers and/or bartenders who worked for the Defendants.

64. As such, Plaintiffs and Plaintiffs' class are entitled to recover actual damages, liquidated damages, and attorney's fees and costs of this action.

### FOR A SECOND CAUSE OF ACTION
### (SOUTH CAROLINA PAYMENT OF WAGES ACT)
### (INDIVIDUAL AND CLASS ACTION)

65. Plaintiffs on behalf of themselves and all similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

66. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

67. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

68. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

69. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

70. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

71. Money received by Plaintiffs and/or other servers and/or bartenders as tips were "wages" as defined by SCPWA, § 41-10-10(2).

72. Pursuant to SCPWA § 41-10-40(c) "an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law.

73. Defendants illegally deducted amounts from the wages of Plaintiffs and/or other servers and/or bartenders of "Local on the Water" without proper authorization.

74. Defendants owe Plaintiffs and/or other servers and/or bartenders that worked at "Local on the Water" the amounts that were illegally deducted from their wages.

75. Defendants owe Plaintiffs and/or Plaintiffs' class at least minimum wage for all hours that they worked.

76. Plaintiffs, and upon information and belief, all servers and/or bartenders working at "Local on the Water" were not paid all wages due by Defendants as required by 40-10-40(D).

77. Plaintiffs, and upon information and belief, all other servers and/or bartenders who were working at "Local on the Water", were not paid all wages due because Plaintiffs and/or other servers and/or bartenders were not paid proper minimum wage, were not paid proper overtime wages, incurred expenses for the benefit of the Defendants, and had improper deductions taken from their wages and tips.

78. Defendants owe Plaintiffs and/or other servers and/or bartenders for any amounts charged to them for the purchase of T-shirts, Jackets, hoodies, or Aprons.

79. Defendants owe Plaintiffs and/or other servers and/or bartenders for any amounts the Plaintiffs and/or other servers and/or bartenders paid for any amounts charged for "customer walk-outs" while working for the Defendants.

80. Defendants' actions were willful, and Defendants have no good-faith reason why they took these actions.

81. Pursuant to S.C. Code § 41-10-80(c), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have not yet "opted-in," under the FLSA;

b. An order stating Defendants violated the FLSA;

c. An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

d. An award of actual and liquidated damages and other relief as provided under the FLSA;

e. An order certifying a class action under Rule 23 of the South Carolina Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

f.  Actual damages in the amount of wages due under SCPWA;

g.  Treble damages pursuant to SCPWA;

h.  Reasonable attorney's fees and costs;

i.  Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws;

j.  Any and all other damages available under the SCPWA and/or the FLSA; and

k.  Such further relief as the Court deems just and proper.

Plaintiffs request a jury trial.

          Respectfully Submitted,

          *s/William J. Luse*
          William J. Luse, Esq.
          Fed. I.D. No.: 9736
          Law Office of William J. Luse, Inc.
          917 Broadway Street
          Myrtle Beach, SC 29577
          Phone: 843-839-4795/Fax: 843-839-4815
          bill@getlusenow.com

November 4, 2022
Myrtle Beach, SC           *Attorney for Plaintiffs*